IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ASHLEY AMARIS OVERBEY, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL., <br><br> *Defendants*. | CIVIL ACTION NO. 1:17-CV-1793 (JFM) |

**DEFENDANT MAYOR AND CITY COUNCIL OF BALTIMORE'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND TO STRIKE JURY DEMAND**

Defendant, Mayor and City Council of Baltimore ("the City"), a municipal corporation, by undersigned counsel and pursuant to Rules 12(b)(6), 56, 12(f) and 39(a)(2) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiffs' Amended Complaint with prejudice or, alternatively, for summary judgment and to strike Plaintiffs' jury demand, and in support thereof states:

1.     Plaintiffs' constitutional claims (Counts I and II) must be dismissed as a matter of law because they have failed to state a claim that the City's inclusion of a Non-Disparagement clause in its settlement agreements violates any rights secured under the First Amendment.

　　　　A.     Plaintiff Ashley Overbey ("Ms. Overbey") cannot establish that the Non-Disparagement clause contained in the Settlement Agreement she signed to conclusively resolve litigation brought in the Circuit Court of Maryland for Baltimore City penalizes protected speech in violation of the First Amendment.  Ms. Overbey, who was represented by counsel throughout settlement negotiations, knowingly and voluntarily agreed to a valid contractual provision

contained in the Settlement Agreement, which narrowly limited her speech and entitled the City to liquidated damages in the event that she failed to abide by the terms of the parties' agreement. Moreover, the inclusion of the Non-Disparagement clause does not undermine the public interest in obtaining additional information concerning her publicly filed lawsuit and instead, promotes the significant public interest of the speedy and amicable resolution of disputes without the use of scarce and expensive judicial resources.

        B.      Plaintiff the Baltimore Brew likewise cannot demonstrate that the Non-Disparagement clause contained in the Settlement Agreement interferes with its free exercise of the press as protected by the First Amendment.  As a preliminary matter, the Baltimore Brew lacks standing to bring a claim against the City because it cannot allege that it has suffered an injury in fact – its reporting efforts have not been chilled as a result of the Non-Disparagement clause.  Moreover, the Supreme Court has concluded that "the First Amendment does not confer on the press a constitutional right to disregard promises that would otherwise be enforced under state law." *Cohen v. Crowles Media Co.*, 501 U.S. 663, 672 (1991).  The Baltimore Brew therefore has failed to state a claim upon which relief may be granted because there exists no First Amendment right to access information that an individual, such as Ms. Overbey, promised by contract to keep from the general public.

    2.      Plaintiffs' contract claims (Counts III, IV and V) must be dismissed as a matter of law because they (a) are all barred by the applicable statute of limitations *and* (b) fail to state a claim upon which relief may be granted.

        A.      The statute of limitations applicable to the Amended Complaint's contract claims bars a contract action based on a written contract, executed on behalf of the municipal corporation or its units, unless the claimant files suit within one year after the date on which the

claim arose. MD. CODE, CTS. & JUD. PROC. § 5-5A-01(a), (c) (2017). The most recent fact alleged in the Amended Complaint is that the City tendered payment on October 8, 2014. Therefore, all contract claims arose on or before that date, and the limitations period expired on October 8, 2015. Because Plaintiffs failed to file suit within the limitations period, all contract claims (Counts III, IV and V) are time-barred and must be dismissed.

        B.      In addition, each of Plaintiffs' contract claims fails to state a claim upon which relief may be granted. First, Count III ("Public Policy – The Agreement Violates Maryland Public Policy") must be dismissed because neither of the two public policies cited in support of their allegations are relevant to this case. Second, Count IV ("Declaratory Judgment – Unlawful Liquidated Damages") must be dismissed because the amount of liquidated damages was reasonable and does not amount to a penalty. Third, Count V ("Breach of Contract") must be dismissed because it is based on a contract term that Ms. Overbey invented, and which, in any event, is moot and of no consequence.

    3.    Ms. Overbey waived her right to request a jury trial under the express terms of the Settlement Agreement and the Baltimore Brew does not have standing to bring its claims against the City. As such, the City's Motion to Strike Plaintiffs' request for a jury demand should also be granted.

    4.    Accordingly, for these reasons and those more fully set forth in the accompanying memorandum of law which is incorporated herein, the Amended Complaint should be dismissed with prejudice in its entirety and without leave to amend or, alternatively, this Court should enter judgment in favor of the City on all counts in Plaintiffs' Amended Complaint. Additionally, the City's Motion to Strike Jury Demand should be granted.

**WHEREFORE**, Defendant Mayor and City Council of Baltimore, respectfully requests that the Court:

A.   Grant this motion and dismiss the above-entitled case with prejudice in its entirety or, alternatively, enter judgment in favor of the City on all counts in Plaintiffs' Amended Complaint;

B.   Declare, pursuant to the Maryland Declaratory Judgment Act, or alternatively, the federal Declaratory Judgment Act that Ms. Overbey's Settlement Agreement, which contains a Non-Disparagement clause, is a lawful and binding contractual agreement as between the parties to said contract.

C.   Grant the City's motion to strike Plaintiffs' request for a jury demand;

D.   Award the City its attorneys' fees and costs associated with this matter, and;

E.   Grant such other and further relief as justice may require.

Respectfully submitted,

      /s/
Jason R. Foltin, Assistant Solicitor (No. 29855)
Frederic Smalkin, Jr., Assistant Solicitor (No. 19240)
Lydie E. Glynn, Assistant Solicitor (No. 29902)
BALTIMORE CITY LAW DEPARTMENT
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
(410) 396-4431 office
(410) 547-1025 facsimile
Jason.Foltin@baltimorecity.gov
Fred.Smalkin@baltimorecity.gov
Lydie.Glynn@baltimorecity.gov

*Attorneys for Defendant the Mayor and City Council of Baltimore*

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that on this 27th day of July, 2017, the foregoing Motion to Dismiss or for Summary Judgment and to Strike Jury Demand, Memorandum of Law in Support of Defendant's Motion to Dismiss or for Summary Judgment and to Strike Jury Demand, and Proposed Orders were filed in accordance with the Electronic Filing Requirements and Procedures, as established by the United States District Court for the District of Maryland.

                           /s/
                     Jason Foltin, *Assistant Solicitor*
                     BALTIMORE CITY LAW DEPARTMENT