IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ASHLEY AMARIS OVERBEY, ET AL., *Plaintiffs*, v. THE MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL., *Defendants*. | CIVIL ACTION NO. 1:17-CV-1793 (MJG) |

**DEFENDANT MAYOR AND CITY COUNCIL OF BALTIMORE'S RESPONSE IN <u>OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION</u>**

Defendant Mayor and City Council of Baltimore ("the City"), by undersigned counsel, submits this Response in Opposition to Plaintiffs' Motion for Reconsideration (ECF No. 29), and in support thereof states as follows:

1. On October 4, 2017, Judge Motz issued a Memorandum (ECF No. 24) granting the Defendants' motions to dismiss Plaintiffs' claims relating to Ms. Overbey's Settlement Agreement with the City because "[t]he non-disparagement clause is valid" and "plaintiffs are not entitled to the relief they request."

2. The accompanying Order (ECF No. 25) inadvertently stated that "Judgment is entered in favor of defendants against plaintiff," in the singular.

3. On October 13, 2017, Chief Judge Bredar issued an Order (ECF No. 26) noting this mistake and administratively reopening the case to permit adjudication of "Defendants' motions to dismiss the claims brought by the remaining plaintiff, The Baltimore Brew[.]."

4.     As an interlocutory decision, Judge Motz's Order of October 4, 2017 (ECF No. 25) is binding unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003); *Silver v. Wells Fargo Bank, N.A.*, MJG-16-382, 2017 WL 3621235 at *2 (D. Md. Aug. 23, 2017) (quoting *Cezair v. JPMORGAN CHASE BANK, N.A.*, DKC 13-2928, 2014 WL 4955535 at * 1 (D. Md. Sept. 30, 2014)) (Slip Opinion)).  This Court's decision as to Plaintiff Overbey's First Amendment claim meets none of these criteria for reconsideration.

5.     Despite its brevity, Judge Motz's opinion was correct for the reasons set forth in Defendants' Memorandum of Law (ECF No. 11-1) and Reply Memorandum (ECF No. 23).  Judge Motz expressly addressed the Plaintiffs' constitutional claims, explaining that—as Plaintiffs concede at pages 14-15 of their Opposition—an individual may waive their First Amendment rights. *Lake James Cmty. Volunteer Fire Dep't, Inc. v. Burke Cty., N.C.*, 149 F.3d 277, 280 (4th Cir. 1998); , 853 F.2d 1084, 1096 (3d Cir. 1988).  His conclusion rested on the undisputed fact that "Overbey was represented by counsel in negotiating the settlement agreement."  (ECF No. 24).

6.     To the extent that Plaintiff Overbey raised contract claims, Judge Motz held that the Non-Disparagement Clause is valid.  (ECF No. 25).  There is no dispute in the record that Ms. Overbey's contract claims—including her unilateral mistake in failing to comprehend the valid contractual Non-Disparagement Clause—are barred by accord and satisfaction, as well as by Maryland's statute of limitations.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-5A-01(a), (c) (2017); *State Ctr., LLC v. Lexington Charles Ltd. P'ship*, 438 Md. 451, 604, 92 A.3d 400, 491 (2014)

Case 1:17-cv-01793-MJG   Document 30   Filed 11/13/17   Page 3 of 4

(statute of limitations applicable to a legal remedy is equally applicable to a concurrent equitable remedy).

7. Finally, under Local Rule 105.6, Plaintiffs were not entitled to a hearing on the motion. In light of this Rule, Plaintiffs were not entitled to a hearing, and this Court's decision to adjudicate the motions on brief cannot rise to the level of a "manifest injustice."

8. Accordingly, Plaintiffs' Motion for Reconsideration of Plaintiffs' claims should be denied.

**WHEREFORE**, Defendant Mayor and City Council of Baltimore respectfully requests that Plaintiffs' Motion for Reconsideration be **DENIED**.

Respectfully submitted,

/s/
Jason R. Foltin, Assistant Solicitor (No. 29855)
Lydie E. Glynn, Assistant Solicitor (No. 29902)
Frederic Smalkin, Jr., Assistant Solicitor (No. 19240)
BALTIMORE CITY LAW DEPARTMENT
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
(410) 396-4431 office
(410) 547-1025 facsimile
Jason.Foltin@baltimorecity.gov
Fred.Smalkin@baltimorecity.gov
Lydie.Glynn@baltimorecity.gov
*Attorneys for the Mayor and City Council of Baltimore, Defendant*

**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that on this 13th day of November, 2017, the foregoing Defendant Mayor and City Council of Baltimore's Response in Opposition to Plaintiffs' Motion for Reconsideration was filed in accordance with the Electronic Filing Requirements and Procedures, as established by the United States District Court for the District of Maryland.

                                                      /s/
                                      Frederic Smalkin, Jr., *Assistant Solicitor*
                                      BALTIMORE CITY LAW DEPARTMENT