**CITY OF BALTIMORE**

**BERNARD C. "JACK" YOUNG**
**Mayor**



**DEPARTMENT OF LAW**
ANDRE M. DAVIS, CITY SOLICITOR
100 N. HOLLIDAY STREET
SUITE 101, CITY HALL
BALTIMORE, MD 21202

October 2, 2019

*Via CM/ECF*
Honorable Deborah K. Chasanow
United States District Judge
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770

   Re: *Ashley Overbey v. Mayor and City Council of Baltimore*
     Case No. DKC 17-1793

Dear Judge Chasanow:

  In accordance with the court's order of September 19, 2019, defendant Mayor and City Council of Baltimore respectfully submits this status report, having conferred with plaintiffs' counsel.

  In its opinion reversing this court's judgment of dismissal, the Fourth Circuit equated an arms-length agreement with "a government-defined and government-enforced restriction on government-critical speech." *Overbey v. Mayor and City Council of Baltimore*, 930 F.3d 215, 224 (4th Cir. 2019). Although it assumed that Ms. Overbey's *counseled* waiver of her speech rights was *voluntary and knowing*, the Court held, nonetheless, that the particular non-disparagement clause previously employed by the City was not only unenforceable, but that its inclusion rendered the very act of entering into the contract a violation of the First Amendment. The City remains stunned by the boundlessness of the Court's ostensible balancing test and its resultant holding.

  Be that as it may, the question now is, "what's next?" The City is quite unsure. The gravamen of Ms. Overbey's claim is that she was unable to freely exercise her right to speak. But she did speak, exactly as she wanted to speak. And she was not punished for speaking; she was simply not paid for abstaining from particular speech (because she chose not to so abstain).

  In that light, it is quite unclear what the Fourth Circuit intended by its mandate that "the City is not entitled to summary judgment on Overbey's First Amendment claim," *id*. at 226, and then "remand[ing] for further proceedings consistent with [its] opinion." *Id*. at 230. Is there to be discovery followed by a trial? The City has no idea; no facts seem to be in dispute. Is Ms. Overbey entitled to judgment as a matter of law? The Fourth Circuit pointedly did not say so although it could have so held had it thought she was, notwithstanding the fact that she did not move for summary judgment before Judge Garbis.[*] In any event, the City has no idea. Moreover, even if Ms. Overbey has stated a viable First Amendment claim at this stage of these proceedings, it does

---

[*] *See Sharp Elecs. Corp. v. Deutsche Fin. Servs. Corp.*, 216 F.3d 388, 398 (4th Cir. 2000).

The Honorable Deborah K. Chasanow
October 2, 2019
Page **2** of **2**

not follow that the City does not have viable defenses to her such a claim, including, but not limited to, limitations.

And if Ms. Overbey is entitled to judgment as a matter of law (or if she were to obtain a judgment after a trial), to what is she likely entitled? One view surely is that she is entitled to the balance of her agreed settlement sum, $31,500, which are the damages she prayed in the amended complaint. But how can that be? Such a measure of damages would amount to breach-of-contract damages, but the parties are in absolute agreement that there is no viable breach of contract claim in this case. It would appear that she would be entitled, at most, to nominal damages of one dollar for a presumed infringement (somehow) of her First Amendment right to speak (even though, as set forth above, she did indeed speak), perhaps coupled with a declaration to that effect. Finally, no claim for attorney's fees has ever been asserted in the history of this case and the City would be severely prejudiced if such a claim were to be inserted into the case at this late juncture.

As to plaintiff Baltimore Brew, the City is likewise in the dark as to what remains of the claim. It is undisputed that the City is no longer employing the non-disparagement clause that was used in Ms. Overbey's settlement. As seen in the attachment to this letter, the clause in use since at least November 2017 is materially different from the earlier one and has not been challenged in this case. So even apart from the nice question, left open by the Fourth Circuit, of the Brew's standing to challenge the old language, it is perfectly clear that the Brew has not challenged the language now being used, which is wholly consistent with Mayor Young's recently issued Executive Order (attached), and in light of new procedures designed to afford all people who settle police claims to speak freely and openly about their experience. *See* attached copy of letter to council. As to the Brew, this case is moot. The City will oppose any attempt to further amend or supplement the amended complaint in order for the Brew to assert (what would only be an esoteric, academic) challenge to the existing non-disparagement clause.

The City looks forward to the opportunity to discuss these matters with the court and counsel.

Sincerely,

Andre M. Davis
City Solicitor

Christopher R. Lundy
Chief Solicitor

Glenn Todd Marrow
Chief Solicitor

cc:   All Counsel of Record via CM/ECF
      atts.