## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ASHLEY AMARIS OVERBEY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BALTIMORE BREW | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-1793 |
| | ) | Judge Deborah K. Chasanow |
| THE MAYOR AND CITY COUNCIL OF | ) | |
| BALTIMORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Deborah Jeon (No. 06905)           Daniel W. Wolff (No. 19940)
Nicholas Steiner (No. 19670)        Nkechi Kanu
ACLU of Maryland                    Tyler O'Connor
3600 Clipper Mill Rd, Suite 350     CROWELL & MORING LLP
Baltimore, MD 21211                 1001 Pennsylvania Avenue, N.W.
Telephone: (410) 889-8555           Washington, D.C. 20004
Fax: (410) 366-7838                 dwolff@crowell.com
jeon@aclu-md.org                    nkanu@crowell.com
steiner@aclu-md.org                 toconnor@crowell.com

                                    *Attorneys for Plaintiffs Ashley*
                                    *Overbey and Baltimore Brew*

December 16, 2019

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
 477 U.S. 242 (1986) ................................................................... 6

*Bailey-El v. Housing Auth. Of Balt. City,*
 686 Fed. App'x 228 (4th Cir. 2017) ........................................ 4

*Boyce v. City of Bal.,*
 2018 WL 3818802 (D. Md. Aug. 9, 2018) ............................... 4

*Buxton v. Buxton,*
 770 A.2d 152 (Md. 2001) ........................................................ 11

*Evans v. Housing Auth. Of City of Raleigh, N.C.,*
 2007 WL 5273736 (D. Md. Nov. 28, 2007) ............................ 11

*Fox v. Fox,*
 167 F.3d 880 (4th Cir. 1999) ................................................... 9

*Memphis Cmty. Sch. Dist. v. Stachura,*
 477 U.S. 299 (1986) ................................................................... 9

*N.Y. Times Co. v. Sullivan,*
 376 U.S. 254 (1964) ................................................................... 6

*Overbey v. Mayor of Balt.,*
 930 F.3d 215 (4th Cir. 2019) ............................................... 6, 7

*Quesinberry v. Life Ins. Co of N. Am.,*
 987 F.2d 1017 (4th Cir. 1993) ........................................... 9, 11

*Roth v. United States,*
 354 U.S. 476 (1957) ................................................................... 6

**Statutes, Rules & Regualtions**

42 U.S.C. § 1983 ................................................................ 4, 6, 9, 11

Fed. R. Civ. P. 56 ........................................................................... 6

Md. Const., Art 3, § 57 ................................................................ 11

**Other Authorities**

David Montgomery, *The Death of Sandra Bland: Is There Anything Left to Investigate*, N.Y. TIMES (May 8, 2019) ............................................................ 7

Kevin Rector, *Freddy Gray Case: DOJ Won't Charge Baltimore Police Officers*, BALTIMORE SUN (Sept. 13, 2017) ............................................................ 7

Monica Davey and Julie Bosman, *Protests Flare After Ferguson Police Officer Is Not Indicted,* N.Y. TIMES (Nov. 24, 2014) ............................................................ 7

## INTRODUCTION

Defendant City of Baltimore ("the City") includes non-disparagement provisions in more than 95 percent of its settlement agreements with plaintiffs in civil rights actions against the police.  In 2014, the City enforced the provision against Plaintiff Ashley Overbey, withholding half of her settlement proceeds on the grounds that she violated the non-disparagement clause when she spoke publicly about her treatment by City police officers.  The Fourth Circuit held that the non-disparagement provision is inconsistent with the First Amendment and not enforceable.  Now on remand, Ms. Overbey respectfully moves for summary judgment on liability and damages of $31,500 plus interest for the City's constitutional tort.

The backdrop of this dispute is as follows:  In 2012, Ms. Overbey filed a civil rights complaint alleging police brutality against the City.  She and the City settled in 2014, with the City agreeing as part of the settlement to pay Ms. Overbey $63,000 to dispose of her claims.  In addition to compensating Ms. Overbey, the settlement agreement prohibited her from discussing "any opinions, facts or allegations in any way connected to" the lawsuit being settled, and from "defaming and/or disparaging" the City or its officers in relation to the settled case.  The agreement further provided that the City would be entitled to seek a refund of half ($31,500) of the settlement amount ($63,000) if Ms. Overbey violated the non-disparagement provision.

The City approved the settlement agreement in September 2014.  Less than one month later, Ms. Overbey's attorney received a check payable to Ms. Overbey in

the amount of $31,500 and a letter indicating that the City had withheld half of Ms.
Overbey's settlement money because it claimed that she had violated the
agreement's non-disparagement provision.

Ms. Overbey filed a second lawsuit against the City in June 2017, alleging,
*inter alia*, that the City's enforcement of the non-disparagement provision penalized
Ms. Overbey's protected speech and therefore violated her First Amendment rights.
(Amended Complaint, ECF 5).  This Court dismissed her complaint but, on appeal,
the United States Court of Appeals for the Fourth Circuit held unequivocally that
"the strong public interests rooted in the First Amendment" rendered the non-
disparagement provision in Ms. Overbey's settlement agreement "unenforceable
and void" and remanded the case to this Court for proceedings consistent with its
decision.  Ms. Overbey now seeks judgment in her favor pursuant to the Fourth
Circuit's ruling.

### Undisputed Facts/Procedural History

In settling Ms. Overbey's 2012 civil complaint alleging police brutality
stemming from an encounter with Baltimore City Police Department ("BPD")
officers, the City agreed to pay Ms. Overbey $63,000. (*Id.* ¶ 49).  That Settlement
Agreement contained a non-disparagement provision purporting to prohibit Ms.
Overbey from discussing "any opinions, facts or allegations in any way connected to"
the lawsuit being settled and from "defaming and/or disparaging" the City or its
officers in relation to the settled case.  It further provided that the City would be
entitled to a *refund* of half ($31,500) of the settlement amount ($63,000) if the City

established that Ms. Overbey violated the non-disparagement provision. The non-disparagement provision stated:

> 9. **Non-Disparagement/Limitation on Public Statements**: It is understood and agreed by the Settling Parties that in exchange for the payment of the Settlement Sum by the Released Parties, the Releasing Party and that party's agents, representatives and attorneys shall strictly refrain from and avoid any attempt at defaming and/or disparaging the Released Parties, including each of the Released Parties' employees or agents regarding any matter related to, or arising from the Litigation or the Occurrence. Further, in exchange for the payment of the Settlement Sum by the Released Parties and because the allegations of the Occurrence and Litigation are disputed, the Settling Parties agree that the Releasing Party and his or her agents, representatives and attorneys, shall limit their public comments regarding the Litigation and the Occurrence to the fact that a satisfactory settlement occurred involving the Parties. It is understood and agreed by the Settling Parties that this limitation on public statements shall include a prohibition against discussing any opinions, facts or allegations in any way connected to the Litigation or the Occurrence, or substance of any prior settlement offers or discussions with the news media, except that the Releasing Party's counsel may indicate that the Litigation has been settled to avoid the cost, time, expense and uncertainties of protracted litigation.
>
> The Settling Parties agree and understand that a breach of the obligations set forth in this Paragraph 9 is deemed by the Settling Parties to be a material breach of this Agreement for which the City is entitled to a refund of fifty percent (50%) of the Settlement Sum ($31,500.00) from the Releasing Party. The remainder of the Settlement Sum and all other obligations of this Agreement shall remain in force. If it is necessary for the City to pursue recovery in litigation of the refund it is entitled to under this paragraph, the City will be entitled to recover all reasonable attorneys fees, costs and expenses of such litigation from the Releasing Party.

(Settlement Agreement and Release, at 4, ECF 11-4).

On October 8, 2014, the City provided Ms. Overbey with a settlement check in the amount of $31,500 and a letter indicating that the City had withheld half of

3

Ms. Overbey's settlement on account its contention that she had violated the agreement's non-disparagement provision. (Amended Complaint at ¶ 64).

Ms. Overbey filed a lawsuit against the City and the BPD in the United States District Court for the District of Maryland on June 30, 2017. (Amended Complaint, ECF 5). Ms. Overbey alleged, in relevant part, that Defendants' use of a non-disparagement provision in the settlement agreement with Ms. Overbey violated her First Amendment rights by unlawfully penalizing her for engaging in protected speech. (*Id.* ¶¶ 77–87). The Amended Complaint also included claims brought by Plaintiff Baltimore Brew (the "Brew"), a local news organization (*id.* ¶ 2), alleging that Defendants' widespread use of non-disparagement provisions in settlement agreements with alleged police misconduct victims impeded the freedom of the press as protected by the First Amendment. (*Id.* ¶¶ 88–94).[1]

---

[1] The First Amendment violations are actionable under 42 U.S.C. § 1983. In addition to violations of the First Amendment, Plaintiff Overbey alleged breach of contract and unlawful liquidated damages, and both Plaintiffs Overbey and the Brew alleged violation of Maryland public policy. Those state-law claims were dismissed under the governing statute of limitations, and those dismissals were not appealed. The First Amendment claim, in contrast, is considered a constitutional tort, subject to a three-year statute of limitations. *See, e.g., Bailey-El v. Housing Auth. Of Balt. City*, 686 Fed. App'x 228, 229 (4th Cir. 2017) (applying Maryland's three-year statute of limitations to First Amendment claims); *Boyce v. City of Bal.*, 2018 WL 3818802 at *4 (D. Md. Aug. 9, 2018) ("A suit filed pursuant to 42 U.S.C. § 1983 constitutes a personal injury action. Therefore, Maryland law affords a three-year limitations period.") (citations omitted). All the same, as discussed below, the money owed under the settlement agreement informs the amount of damages owed for the First Amendment claim.

Judge Garbis dismissed all claims. (Mem., ECF 32.).[2]  The Court opined that Ms. Overbey had knowingly and voluntarily executed the Settlement Agreement.  It therefore dismissed Ms. Overbey's First Amendment claim. (*Id.* at 15–16).  The Court never addressed whether the public interest in enforcing the non-disparagement provision outweighed the public interest in free speech on matters of public importance. The Brew's First Amendment claims were dismissed for lack of standing. (*Id.* at 15).

Ms. Overbey and the Brew appealed the Court's order to the United States Court of Appeals for the Fourth Circuit.  The Fourth Circuit reversed the district court's order and remanded for further proceedings consistent with its opinion.  As to Ms. Overbey's First Amendment claim, the Court of Appeals held that "the non-disparagement clause in Overbey's settlement agreement amounts to a waiver of her First Amendment rights and that strong public interests rooted in the First Amendment make it unenforceable and void." *Overbey v. Mayor of Balt.*, 930 F.3d 215, 222 (4th Cir. 2019). As to the Brew's First Amendment claim, the Fourth Circuit reversed the district court's finding that the Brew lacked standing.  The City petitioned for a panel rehearing and a rehearing *en banc* arguing that the panel's ruling grossly misinterpreted the First Amendment, but both were denied by the Fourth Circuit. (Mandate, No. 17-2444, (4th Cir. Jul. 11, 2019), ECF 84.)

---

[2] Judge Motz was initially assigned to this case and issued an unreasoned decision granting Defendants' motions. (ECF No. 24, 25).  The case was reinstated by Chief Judge Bredar and reassigned to Judge Garbis, who issued the reconsidered order and judgment for Defendants (ECF No. 33, 34) that was the subject of appeal.

Upon remand, both Plaintiffs' First Amendment constitutional claims against the City remain extant.[3]  With respect to Ms. Overbey, the City's liability under 42 U.S.C. § 1983 for violating Ms. Overbey's First Amendment rights is clear.  The amount of damages the City owes to Ms. Overbey is also clear (subject only to the calculation of interest).  Both issues are addressed below.

## Legal Standards

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56.  While all reasonable inferences must be drawn in favor of the non-moving party, non-moving parties "may not rest upon the mere allegations or denials of [their] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## Argument

**I.   Withholding of damages from Ms. Overbey violated her First Amendment rights.**

A. **The Non-Disparagement Provision Is Unenforceable and Void.**

The First Amendment prohibits the Government's abridgement of speech for the purpose of silencing criticism or inhibiting robust debate on issues of public concern.  *See N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).  It is the freedom to comment on such matters that "assure[s] [the] unfettered interchange of ideas for

---

[3] This Motion for Summary Judgment only addresses Plaintiff Ashley Overbey's claims against the City.

the bringing about of political and social changes." *Roth v. United States*, 354 U.S. 476, 484 (1957).

The City's non-disparagement provision runs afoul of these ideals.  At all times—but particularly in this era when the stories of Freddie Gray,[4] Michael Brown,[5] and Sandra Bland[6] have spurred a national conversation about race and policing in America—the free exchange of ideas and the right to criticize the government extends to "claims of police misconduct, as well as the circumstances in which the City litigates and settles such claims." *Overbey*, 930 F.3d at 224.  But instead of inviting public discourse and permitting criticism, the City insists on non-disparagement provisions in its settlement agreements with victims of police brutality "to curb speech that is not to its liking."  *Id.*

The Fourth Circuit found the City's use of non-disparagement provisions to be inconsistent with fundamental First Amendment rights.  It held that enforcing such provisions would be "contrary to the citizenry's First Amendment interest in limiting the government's ability to target and remove speech critical of the

---

[4] Kevin Rector, *Freddy Gray Case: DOJ Won't Charge Baltimore Police Officers*, BALTIMORE SUN (Sept. 13, 2017), https://www.baltimoresun.com/news/crime/bs-md-ci-doj-decline-charges-20170912-story.html.

[5] Monica Davey and Julie Bosman, *Protests Flare After Ferguson Police Officer Is Not Indicted,* N.Y. TIMES (Nov. 24, 2014), https://www.nytimes.com/2014/11/25/us/ferguson-darren-wilson-shooting-michael-brown-grand-jury.html.

[6] David Montgomery, *The Death of Sandra Bland: Is There Anything Left to Investigate*, N.Y. TIMES (May 8, 2019), https://www.nytimes.com/2019/05/08/us/sandra-bland-texas-death.html.

government from the public discourse" and to "the public's well-established First Amendment interest in 'uninhibited, robust, and wide-open' debate 'on public issues.'" *Id.* at 224–25 (*quoting N.Y. Times*, 376 U.S. at 270).

Against these headwinds, the City insisted on appeal that the non-disparagement provision is enforceable because Ms. Overbey executed the City's settlement agreement. The Fourth Circuit disagreed. It considered and rejected the City's purported interests in enforcing the non-disparagement provision, and concluded that none of the City's arguments vitiated the Court's concerns about the non-disparagement provision's inconsistency with the First Amendment. The Court held that "[u]nder the circumstances, the City's asserted interests in enforcing Overbey's waiver of her First Amendment rights are outweighed by strong policy interests that are rooted in the First Amendment and counsel against the waiver's enforcement." *Id.* at 223. As such, the Court deemed the non-disparagement provision "unenforceable and void," and its enforcement against Ms. Overbey violated her First Amendment freedoms. *Id.* at 222.

For its part, the City largely agrees with Plaintiff's analysis of the Fourth Circuit's decision. *See* Def.'s Status Report (ECF 56) ("Although it assumed that Ms. Overbey's *counseled* waiver of her speech rights was *voluntary and knowing*, the Court held, nonetheless, that the particular non-disparagement clause previously employed by the City was not only unenforceable, but that its inclusion rendered the very act of entering into the contract a violation of the First Amendment.") (emphasis in original). Given the preclusive impact of the Fourth

Circuit's decision, and in the absence of any material disputes of fact, Ms. Overbey respectfully requests this Court grant summary judgment on the City's liability on her First Amendment claim.

### B. **Ms. Overbey is Entitled to Damages And Interest.**

Ms. Overbey is entitled to damages of $31,500 plus interest thereon. Section 9 of the settlement agreement includes both the non-disparagement provision and the proviso that Ms. Overbey will forfeit $31,500 of her settlement if she violates the non-disparagement clause. On October 8, 2014, upon unilaterally deciding that Ms. Overbey breached Section 9, the City, withheld $31,500 of Ms. Overbey's settlement as punishment. To date, Ms. Overbey has not recovered that money.

The Court should apply basic principles of tort law and compensate Ms. Overbey for the harm caused by the City's wrongful enforcement of an unconstitutional and unenforceable provision. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986) ("[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles from derived from the common law of torts."); *id.* at 306-307 ("damages in tort cases are designed to provide compensation for the injury caused to plaintiff . . . [and] may include . . . out-of-pocket loss and other monetary harms"). As such, Ms. Overbey requests this Court award damages equal to the amount the City withheld from Ms. Overbey, $31,500, plus interest thereon.[7] *Fox v. Fox,* 167

---

[7] The decision of whether to award prejudgment interest in a Section 1983 case and the rate of pre-judgment interest for cases involving federal questions is committed (Continued...)

F.3d 880, 884 (4th Cir. 1999) ("The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss").

Although Ms. Overbey's First Amendment claim is actionable under Section 1983, the money withheld by the City under Section 9 of the agreement is the best evidence of Ms. Overbey's damages.[8]  Any award less than $31,500 plus interest would, in effect, reward the City for its use of a non-disparagement provision in violation of the Constitution while punishing Ms. Overbey for her exercise of First Amendment rights.

Moreover, awarding damages for the balance of the settlement amount due will not prejudice the City because the City itself included a severability provision in the agreement that contemplated this type of scenario—stating that should any

---

to the discretion of the trial court, but interest "should be awarded absent sufficient justification."  *See Quesinberry v. Life Ins. Co of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993); *Evans v. Housing Auth. Of City of Raleigh, N.C.*, 2007 WL 5273736 at *15 (D. Md. Nov. 28, 2007).  Here, Ms. Overbey can only be made whole for the City's unilateral decision to withhold settlement money from her in violation of the Constitution if interest is granted.  In similar contexts, Maryland courts mandate the award of prejudgment interest.  *See also Buxton v. Buxton*, 770 A.2d 152, 165 (Md. 2001) (holding under Maryland law that prejudgment interest is available as of right when "the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to judgment so that the effect of . . . withholding payment was to deprive the [the Plaintiff] of the use of a fixed amount as of a known date.").  In the absence of any federal statute setting a rate for prejudgment interest, this Court should apply the legal rate of interest in Maryland of six percent compounded annually, as it most fully compensates Ms. Overbey for the loss of the use of her funds.  *See Quesinberry*, 987 F.2d at 1031 (noting that the district court awarded prejudgment interest at Virginia's statutory rate); *See* Md. Const., Art 3, § 57.

[8] *See* Transcript, ECF 38 at 44 (Counsel for Plaintiff describing Ms. Overbey's damages: "It would be the $31,500 that the City withheld from her as allowable under a 1983 claim.").

provision of the Settlement Agreement be rendered unenforceable, the remainder of the Settlement Agreement would remain in effect:

> 14. **Severability**:  In the event that any covenant, condition, or other provision contained in this Agreement is held to be invalid, void, or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein. If such condition, covenant or other provision shall be deemed invalid due to its scope of breadth, such covenant, condition or other provision shall be deemed valid to the extent of the scope of breadth permitted by law.

(Settlement Agreement and Release, at 6, ECF 11-4).

In other words, the City's promise to pay Ms. Overbey $63,000 is not eliminated on account of the Fourth Circuit holding that the non-disparagement provision is not enforceable.  And although Ms. Overbey is suing pursuant to Section 1983, and not under the contract, the amount she was owed under the contract provides the best evidence of her damages for the First Amendment violation.

## <u>Conclusion</u>

For the foregoing reasons, Plaintiff Ashley Overbey requests the Court grant her Motion for Summary Judgment.

<table>
<tr><td>

Deborah Jeon (No. 06905)
Nicholas Steiner (No. 19670)
ACLU of Maryland
3600 Clipper Mill Rd, Suite 350
Baltimore, MD 21211
Telephone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
steiner@aclu-md.org

</td><td>

<u>s/ Daniel W. Wolff</u>
Daniel W. Wolff (No. 19940)
Nkechi Kanu
Tyler O'Connor
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
dwolff@crowell.com
nkanu@crowell.com
toconnor@crowell.com

***Attorneys for Plaintiffs Ashley
Overbey and Baltimore Brew***

</td></tr>
</table>

December 16, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Ashley Overbey's Motion for Summary Judgment has been served via the CM/ECF electronic filing system on this 16th day of December, 2019, upon all parties of record.

/s/ *Daniel W. Wolff*
Daniel W. Wolff (Attorney of Record)
dwolff@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:   (202) 624-2500
Facsimile:   (202) 628-5116