```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND

                                    :
ASHLEY AMARIS OVERBEY, et al.
                                    :

    v.                              :   Civil Action No. DKC 17-1793

                                    :
THE MAYOR AND CITY COUNCIL OF
BALTIMORE, et al.                   :
```

**MEMORANDUM OPINION**

This case is before the court upon remand from the United States Court of Appeals for the Fourth Circuit. (ECF Nos. 39, 42); *Overbey v. Mayor of Baltimore*, 930 F.3d 215 (4th Cir. 2019). In order to place the current issues in context, some history is required.

**I.   Background**

Plaintiffs are Ashley Amaris Overbey ("Ms. Overbey") and a local newspaper, the Baltimore Brew ("the Brew"). On June 30, 2017, Plaintiffs filed an amended complaint against the Mayor and City Council of Baltimore ("the City") and the Baltimore City Police Department ("BPD") for damages, for declaratory and injunctive relief under the First Amendment, and for breach of contract and violation of the public policy of the state of Maryland. (ECF No. 5). Although there is no reference to 42

U.S.C. § 1983 in the complaint, it does refer to the action as a "federal civil rights case."[1] (ECF No. 5, ¶ 5).

The dispute concerns a "non-disparagement" clause in a settlement agreement between Ms. Overbey and the City. The clause required Plaintiff not to speak to the media or publicly about either the underlying allegations or the settlement process. (ECF No. 11-4, at 6).[2] A violation of this clause rendered the claimant liable to the City for damages equal to half of the settlement award. (*Id.*). The parties settled her claim for $63,000. (*Id.*, at 3, 9). The City subsequently determined that she had violated the non-disparagement clause. (ECF No. 11-6, at 2). When the settlement was ultimately approved, the City provided only $31,500 (instead of the full sum of $63,000) of the agreed payment and

---

[1] The failure to cite to the statute is not fatal to the claim. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014)(per curiam)("[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." Other courts have recognized that "the means by which a private individual seeks money damages for violation of his or her constitutional rights is by the mechanism of 42 U.S.C. § 1983." *Gerald v. Locksley*, 785 F.Supp.2d 1074, 1131 n. 8 (D.N.M. 2011)). (*citing Schaefer v. Las Cruces Pub. Sch. Dist.*, 716 F.Supp.2d 1052, 1072 (D.N.M. 2010)).

[2] Defendant appended this exhibit, and the other exhibit relied on in this section, to its original motion to dismiss. (ECF Nos. 11-4, 11-6). Plaintiff has not disputed the authenticity of this evidence, and, in fact, references both documents in her motion for summary judgment. (ECF No. 61-1, at 3-4).

retained the rest as "liquidated damages." (ECF No. 11-6, at 2). This suit followed.

In response to the amended complaint, BPD moved to dismiss the complaint for failure to state a claim. (ECF No. 10).[3] The City also moved to dismiss or, alternatively for summary judgment. (ECF. No. 11). The district court treated the later as a motion for summary judgment and granted both parties' motions. (ECF Nos. 32, 33); *Overbey v. Major & City Couns. Of Balt.*, No. MJG-17-1793, 2017 WL 5885657 (D.Md. November 29, 2017). As it related to Ms. Overbey's First Amendment claim, the district court reasoned that a waiver of her First Amendment right to speak was "knowing" and "voluntarily given" in signing the settlement, and that enforcement of that waiver was not contrary to public policy. *Id.* at *6. The court also ruled that the Brew lacked standing to challenge the City's use of a non-disparagement clause. *Id.* Both Ms. Overbey and the Brew appealed. (ECF No. 34). The Fourth Circuit reversed the summary judgment motion as it related to both parties and remanded the case. *Overbey*, 930 F.3d at 230.[4]

---

[3] Although Plaintiffs' notice of appeal encompassed the dismissal of the claims against BPD, they did not press that appeal, and the Fourth Circuit did not review the dismissal. Accordingly, those claims remain dismissed and the dismissal will be reflected in the final order.

[4] The case was reassigned to this member of the court after the retirement of the initial district judge.

3

On December 16, 2019, Ms. Overbey filed a motion for summary judgment.  (ECF No. 61).  The City filed an opposition to this motion on January 8, 2020.  (ECF No. 62).  Finally, Ms. Overbey filed her reply on January 31, 2020.  (ECF No. 63).

**II. Standard of Review**

Summary judgment is appropriate under Fed.R.Civ.P. 56(c) when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962));

*see also E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir.2005).  The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment.  *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences."  *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted).  Indeed, the court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial.  See *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

**III. Analysis**

**A. Baltimore Brew's Claims**

The only claim of Baltimore Brew's that the Fourth Circuit allowed to proceed was "its allegation that the City's pervasive use of non-disparagement clauses in settlements with police brutality claimants 'impedes the ability of the press generally, and Baltimore Brew specifically, to fully carry out the important role the press plays in informing the public about government actions.'"  *Overbey* 930 F.3d at 230.  The Baltimore Brew sought "declaratory and injunctive relief" and thus to establish standing it "must establish *ongoing or future* injury in fact."  *Id.* (citing

5

*Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018)). The court refused to allow the Brew to "rely on prior harms" in seeking injunctive and declaratory relief. *Id.* (citing *Abbot v. Pastides*, 900 F.3d 160, 176 (4th Cir. 2018)).

The City's letter to the court on October 2, 2019 points out that it has stopped using the non-disparagement clause that was used in Ms. Oberbey's settlement since "at least" November 2017. (ECF No. 56, at 2). The new clause merely requires the "Releasing Party" to "strictly limit their public comments . . . to the facts alleged in the pleadings and motions filed with the court" instead of the outright "prohibition" against discussing "*any* opinions, facts or allegations in any way connected to the Litigation or the Occurrence." (ECF No. 56-1). Therefore, as the City rightly argues, "[a]s to the Brew, this case is moot." (ECF No. 56, at 2). During informal discussions, the Brew agreed that, if Bill 19-0409 was enacted by the City Council, its claims would be moot. The bill was enacted, but no stipulation of dismissal was filed. Accordingly, all claims by the Brew will be dismissed.

**B. Ms. Overbey's Claims**

**1. The Void Non-Disparagement Clause**

Ms. Overbey moves for summary judgment, contending that there is no dispute of material fact that, in withholding half of the settlement proceeds based on an unenforceable clause in the agreement, the City of Baltimore violated her rights under 42

U.S.C. § 1983. As damages, she seeks the money along with prejudgment interest from the date of the settlement agreement.[5] The City does not dispute that it withheld the money, does not really contend that the non-disparagement clause is enforceable, but laments that it lost the case on appeal. It does dispute what the proper measure of damages should be.

"Compensatory damages may be recovered in § 1983 actions for proven violations of constitutional right, but only for any actual harms caused by the violation and not for the violation standing alone." *Norwood v. Bain*, 143 F.3d 843, 855, (4th Cir. 1998) (citing *Carey v. Piphus*, 435 U.S. 247 (1978); *Memphis Cmty. Sch. District v. Stachura*, 477 U.S. 299 (1986)), *aff'd in relevant part on reh'g per curiam en banc, rev'd on other grounds*, 166 F.3d 243, 245 (affirming compensatory damages); *see also Knussman v.* Maryland, 272 F.3d.625, 639 (4th Cir. 2001) (citing *Memphis*, 477 U.S. at 307) (presuming an award for "direct pecuniary harms such as loss of income" is available under § 1983 while arguing for recovery for emotional injury as well); *Kane v. Lewis*, 605 Fed. Appx. 229, 239 (4th Cir. 2015) (citing *Carey*, 435 U.S. at 254) ("[T]he basic purpose of a § 1983 damages award should be to compensate persons for injuries *caused by* the deprivation of constitutional right[.]"). "Actual harms resulting from conduct that violated

---

[5] She no longer seeks declaratory or injunctive relief.

7

the right may include economic loss, physical injury, or emotional distress." *Norwood*, 143 F.3d at 855 (citing *Blackburn v. Snow*, 771 F.2d 556 (1st Cir. 1985)(emotional distress caused by illegal strip search)); *Spell v McDaniel*, 824 F.2d 1380 (4th Cir. 1987)(pain and suffering and medical expense cause by police brutality to person in custody); *see also Westerfield v. U.S.*, 483 Fed.Appx. 950, 956 (6th Cir. 2012)(defendant has "right to a fair trial compensable in damages under 42 U.S.C. § 1983 for such injury as he is able to prove—e.g., impairment of reputation, personal humiliation, mental anguish and emotional distress").  In the absence of actual harm, an award of nominal damages is appropriate.

The actual harm alleged here is the loss of half of the settlement proceeds due to the unconstitutional enforcement of the non-disparagement clause.  As Ms. Overbey points out, the settlement contract she signed with the City has a severability provision detailing the effect of a void non-disparagement clause on the contract as a whole.  (ECF No. 61-1, at 10-11).  The applicable provision reads:

> 14. **Severability:** In the event that any covenant, condition, or other provision contained in this Agreement is held to be invalid, void, or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein. If such condition, covenant or other provision shall be deemed invalid due to its scope of breadth,

> such covenant, condition or other provision shall be deemed valid to the extent of the scope of breadth permitted by law.

(ECF No. 11-4, at 7).  The meaning of this section is clear.  When a condition is declared "void," as here with the non-disparagement provision, this void condition is simply removed.  The contract is left otherwise unaffected and enforceable as if the contingency never occurred.

Seemingly acknowledging that the settlement agreement is not entirely void, the City instead frames the issue as one of proper remedy.  It admits that "one view" is that Ms. Overbey is simply owed the $31,500, the damages she sought in her amended complaint.  (ECF No. 62, at 3) (citing ECF No. 5).  The City argues that this would be the measure of damages for a breach of contract, and the parties agree that all breach of contract claims are now time-barred by the applicable statute of limitations.  (ECF No. 62, at 3-4).  Instead, it asserts the "better view" is that Ms. Overbey is only entitled to "nominal damages of one dollar" for an infringement of her First Amendment right to speak, "perhaps coupled with a formal declaration to that effect."  (ECF No. 62, at 4) (citing *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1261 (11th Cir. 2006)).  The City's reading of *KH Outdoor* in fashioning this proposed remedy overlooks half of the holding.  The Eleventh Circuit held, "[t]o recover nominal damages, [Plaintiff] is not required to prove actual injury" as it was

9

responding to the district court's finding that *no actual injury existed*. *KH Outdoor*, 465 F.3d at 1259. Here actual injury is established. Ms. Overbey would have the other half of the settlement amount "*but for* the [unenforceable]⁶ non-disparagement provision." (ECF No. 63, at 5).

The City owes Ms. Overbey the other $31,500. By its conduct in unconstitutionally enforcing the now discredited clause, the City withheld half of the settlement proceeds. Thus, the civil rights violation caused $31,500 in economic harm.

The only remaining questions are 1) whether the City should have to pay prejudgment interest on this amount dating back to the settlement agreement, approved in September 2014, and paid in October 2014, (ECF Nos. 61-1, at 12-14; 62, at 4-8), and 2) if so, at what rate.

**2. Prejudgment Interest**

The availability of prejudgment interest on claims under § 1983 is governed by federal law. *Nance v. City of Newark*, 501 Fed.Appx. 123, 129 n.5 (3ᵈ Cir. 2012) (citing *Simmons v. City of Phila.*, 947 F.2d 1042, 1088 (3ᵈ Cir. 1981)); *Fox v. Fox*, 167 F.3d

---

⁶ Ms. Overbey actually says "unconstitutional" here, but it is important to note that while the Fourth Circuit found the clause "an unenforceable waiver of her First Amendment rights," the court stopped short of declaring the clause itself unconstitutional, although it did leave this line of argument open to Ms. Overbey. 930 F.3d at 222 n. 6.

10

880, 884 (4th Cir. 1999) ("Federal law controls the issuance of prejudgment interest awarded on federal claims.").

Both parties correctly point out that whether to grant prejudgment interest in this case is within the "sound discretion" of the trial court. (ECF Nos. 63, at 6; 62, at 7); *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1030-31 (4th Cir. 1993) ("[A]bsent a statutory mandate[,] the award of prejudgment interest is discretionary with the trial court."). As noted in *Crump v. United States Dept. of Navy*, 205 F.Supp.3d 730, 748-49 (E.D.Va. 2016), "the Fourth Circuit has explained that there are few circumstances that would justify the denial of prejudgment interest," when necessary to provide complete compensation for an injury.

"The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." *Feldman's Med. Ctr. Pharm. Inc. v. CareFirst, Inc.*, 823 F.Supp.2d 307, 324 (D.Md. 2011) (citing *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995)); *see also Imgarten v. Bellboy Corp.*, 383 F.Supp.2d 825, 848 (D.Md. 2005) (citing *Berman Props. V. Porter Bros., Inc.*, 276 Md. 1 (1975)) ("The purpose of pre-judgment interest is to compensate the aggrieved party for the deprivation of money it was owed, primarily the income that the money could have earned."); *Fox*, 167 F.3d at 884. Specifically, "[p]rejudgment interest is viewed as a form of

11

compensatory damage designed to place the plaintiff in the same position as if no violation occurred." *Feldman's*, F.Supp.2d at 324 (citing *City of Milwaukee*, 515 U.S. at 195).

Ms. Overbey will be awarded interest on the remaining $31,500 due to her as per the Settlement Agreement dating to the time of payment pursuant to that agreement, October 8, 2014. The City continues to defend its use of the non-disparagement clause and the "real and substantial questions presented" by facts that led to the settlement agreement in the first place. (ECF No. 62, at 7-8). Therefore, it cites shock that "that the challenge would bear fruit" here and that the serendipity that allowed Ms. Overby's claim to survive was akin to a "virtual lightning strike." (*Id.*, at 4-5). The seeming inference is that their illegal act should not be undone simply because no one thought, or even suspected, it was illegal at the time.[7] Even if true, all this is beside the point. The City entered the settlement agreement it helped craft knowing that its severability provision contemplated this exact scenario: that a clause may be deemed "invalid, void and illegal," and that it would subsequently be stricken from the agreement. Just as "strong public interests" render the clause unenforceable,

---

[7] The City is correct that enforcement of the clause only became "illegal" when two Fourth Circuit judges said it was in issuing an opinion on July 11, 2019. (ECF No. 62, at 6). But as it concedes, "[t]he panel majority's published opinion is the law of this Circuit." (*Id.*, at 2).

*Overbey*, 930 F.3d at 226, those interests counsel against allowing the City to keep the fruits of such improper enforcement. The purpose of prejudgment interest is to complete the compensatory damages award and will accrue from the date the full payment should have been made.

Ms. Overbey argues for applying Maryland's legal rate of interest of six percent, compounded annually. (ECF No. 61-1, at 12 n.7) (citing *Quesinberry*, 987 F.2d at 1031 (noting that the district court used Virginia's statutory rate in awarding prejudgment interest)). Here, the underlying settlement agreement has a choice-of-law provision applying the laws of Maryland. (ECF No. 11-4, at 8). Therefore, Maryland's six percent interest rate, compounded annually, will apply from the agreement's date of execution. Md. Code, Com. § 12-102.

### IV. Conclusion

For the foregoing reasons, Ms. Overbey's motion for summary judgment will be granted. A separate order will follow.

                                                    /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge